UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY DELANO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNIFIED GROCERS, INC., aka Unified Western Grocers, a California corporation; SUPERVALU, INC., a Delaware corporation,<br><br>    Defendant. | No. 2:19-cv-00225-TLN-DB<br><br>**ORDER** |

This matter is before the Court on Defendants Unified Grocers, Inc. ("UGI") and Supervalu, Inc.'s ("SI") (collectively "Defendants") Motion to Dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (ECF No. 8.) Plaintiff Harley Delano ("Plaintiff") opposes Defendants' motion. (ECF No. 13.) Defendants filed a reply. (ECF No. 14.) After carefully considering the parties' briefing and for the reasons set forth below, the Court hereby DENIES Defendants' Motion to Dismiss.

///
///
///
///

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff was employed by Defendant UGI from February 2000[2] until January 2, 2002. (ECF No. 1-1 ¶ 6.) In 2001, Plaintiff and UGI discussed Plaintiff retiring early. (ECF No. 1-1 ¶ 6.) During the discussions, UGI agreed to a severance package for Plaintiff which included UGI maintaining a life insurance policy until Plaintiff's death. In return, Plaintiff would retire, meaning UGI would no longer have to pay his salary. (ECF No. 1-1 ¶¶ 6–7.)

These discussions were put into a written agreement ("Delano Retirement Plan") on December 20, 2001, which established the benefits UGI agreed to provide. These included: (1) retiree medical coverage beginning January 2, 2002; (2) Executive Life Insurance coverage equal to 1.5 times the Plaintiff's final earnings beginning January 2, 2002; and (3) an Executive Salary Protection Plan which provided a supplemental pension benefit. (ECF No. 1-1 ¶ 7.) The Delano Retirement Plan allowed Plaintiff to retire on January 2, 2002, instead of in September of 2002. (ECF No. 1-1 at ¶ 7.) Plaintiff agreed to the terms. (ECF No. 1-1 ¶ 8.) Defendant was able to select the promised life insurance plan and elected to use a split-dollar life insurance policy, meaning that a portion of the premiums paid each year by UGI would be included in Plaintiff's income for income tax purposes. (ECF No. 1-1 ¶ 13.)

Plaintiff contends that the Delano Retirement Plan is an employee benefit plan within the meaning of 29 U.S.C. § 1002(2)(A) and (3) and therefore governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (ECF No. 1-1 ¶ 10.) Plaintiff further contends that the Delano Retirement Plan was established to provide life insurance benefits to Plaintiff after retirement, rendering it an ERISA plan. (ECF No. 1-1 ¶ 10.)

From January 2, 2002, through December 31, 2017, UGI honored its agreement to Plaintiff and maintained Plaintiff's insurance policy. (ECF No. 1-1 ¶¶ 11-14.) On June 23, 2017, Supervalu Inc. ("SI") merged with UGI and became the successor-in-interest to the Delano Retirement Plan. (ECF No. 1-1 ¶ 14.) On October 20, 2017, SI sent a letter to Plaintiff stating it

---

[1] The Court takes the following recitation of facts, sometimes verbatim, from Plaintiff's Complaint. (ECF No. 1-1 at 3–10.)
[2] Plaintiff does not allege the specific date he began his employment.

2

would be terminating Plaintiff's life insurance benefit at the end of the 2017 year. (ECF No. 1-1 ¶ 16.) In the letter, SI acknowledged that Plaintiff's life insurance provided a death benefit of $287,135. (ECF No. 1-1 ¶ 16.) The letter gave Plaintiff the option of purchasing the policy and assuming its continuing obligations by paying SI the policy's cash surrender value and continuing to pay the premiums. (ECF No. 1-1 ¶ 17.) The letter stated that if Plaintiff decided against assuming the policy obligations, then SI would cancel the policy and receive the cash surrender value. (ECF No. 1-1 ¶ 17.) However, because UGI — before merging with SI — initially elected to finance the policy through a split-dollar arrangement and failed to pay the policy's premiums on several occasions, the premium for the policy increased over the years. (ECF No. 1-1 ¶¶ 18-19.)

On November 1, 2017, SI sent a second letter to Plaintiff stating that all of his benefits under the Delano Retirement Plan would be unilaterally terminated on December 31, 2017. (ECF No. 1-1 ¶ 20.) On November 20, 2017, Plaintiff's attorney sent a letter to SI in which Plaintiff alleged that Plaintiff and Defendants had entered into a severance agreement where Defendants agreed to maintain the policy until Plaintiff's death. (ECF No. 1-1 ¶ 21.) The letter also requested that Defendants deliver certain documents related to the Delano Retirement Plan and Plaintiff's employment. (ECF No. 1-1 ¶ 22.) According to Plaintiff, Defendants only produced some of the documents. (ECF No. 1-1 ¶ 22.)

On December 12, 2017, Defendants responded to Plaintiff's letter by treating it as a claim under ERISA. (ECF No. 1-1 ¶ 23.) SI rejected Plaintiff's claim by stating that SI considered the Delano Retirement Plan as part of SI and UGI's other ERISA plans. (ECF No. 1-1 ¶ 23.) Plaintiff contends that the clear language in the Delano Retirement Plan shows that it was the only agreement between Plaintiff and SI. (ECF No. 1-1 ¶ 23.) In its letter, SI also stated that since it was treating this letter as a determination of Plaintiff's benefits under the Delano Retirement Plan for ERISA benefits, Plaintiff could appeal SI's decision within 60 days. (ECF No. 1-1 ¶ 23.)

///

///

On February 9, 2018, Plaintiff appealed SI's rejection and asserted the Delano Retirement Plan constituted the entire agreement between the parties as to the severance package and qualified as a separate benefit plan under ERISA. (ECF No. 1-1 ¶ 25.) On April 9, 2018, SI denied Plaintiff's appeal. (ECF No. 1-1 ¶ 28.) Having exhausted all his administrative remedies, Plaintiff filed his Complaint on January 3, 2019. (ECF No. 1-1 ¶ 28.)

Plaintiff alleges three causes of action: (1) 29 U.S.C.§ 1132(a)(1)(B) – wrongful denial of ERISA benefits against all defendants; (2) 29 U.S.C. § 1132(a)(2) and (3) – breach of fiduciary duty by ERISA Fiduciary against SI, UGI and DOES 1 through 10; and (3) violation of California Welfare & Institutions Code § 15610, *et seq*. – Financial Elder Abuse against all Defendants. (ECF No. 1 at 10-13.) Defendants move to dismiss Plaintiff's Third Cause of Action pursuant to Rule 12(b)(6) arguing that it is preempted under ERISA. (ECF No. 8.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its

complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III.    ANALYSIS**

Plaintiff's Complaint alleges three separate causes of action against Defendants.  In Defendants' Motion to Dismiss, Defendants assert that Plaintiff's Third Cause of Action is expressly preempted under § 514(a) and conflict preempted under § 502(a) of ERISA.  (ECF No. 8 at 4.)

In his Opposition, Plaintiff asserts preemption only applies where it is demonstrated or conceded that an ERISA-covered plan is at issue.  (ECF No. 13 at 6.)  Plaintiff argues Defendants have failed to establish that ERISA applies to the Delano Retirement Plan.  (ECF No. 13 at 8.)  At the same time, Plaintiff asserts he pleaded his Third Cause of Action in the alternative in the event the Court determines that ERISA does not apply to the Delano Retirement Plan and contends that, at this early junction, it is inappropriate to dismiss his third claim on the basis of ERISA preemption.  (ECF No. 13 at 7–8.)

Defendants' Reply argues there is no need to assert that ERISA is applicable to the Delano Retirement Plan because of Plaintiff's numerous assertions of its applicability in the Complaint. (ECF No. 14 at 4.)  Defendants urge that under the motion to dismiss standards, Plaintiff's statements are to be taken as true and Defendants need not do anything further to establish ERISA's applicability.  (ECF No. 14 at 4.)  Still, Defendants argue ERISA is applicable because the allegations in the Complaint confirm that the benefits are a plan which Defendants established and maintained for the purpose of providing medical and death benefits to Plaintiff and any beneficiaries.  (ECF No. 14 at 5.)  Finally, Defendants contend Plaintiff did not state or imply that he was pleading in the alternative.  (ECF No. 14 at 3.)  According to Defendants, Plaintiff's statements in his counsel's pre-lawsuit letters to Defendant and Plaintiff's Complaint show that Plaintiff firmly believes ERISA applies and expresses no doubt as to its applicability.  (ECF No. 14 at 4.)

Rule 8 of the Federal Rules of Civil Procedure provides the starting point for evaluating the viability of Plaintiff's claim. Rule 8 states in relevant part:

> A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

Fed.R.Civ.P. 8(e)(2). Under Rule 8, a Plaintiff does not need to use particular words to plead in the alternative so long as it can be reasonably inferred he was doing so. *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000).

Additionally, "[i]n light of the liberal pleading policy embodied in Rule 8(e)(2) … a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985).

The Court now turns to alternative pleadings in the ERISA context, which has been addressed in this district. *Coleman v. Standard Life Ins. Co.*, 288 F. Supp. 2d 1116, 1120 (E.D. Cal. 2003). Generally, there is good reason for alternatively pleading state and federal claims when there is doubt as to whether a particular plan falls under ERISA. *Id.*; *see also Tillotson* v. *Valley Paving, Inc*., No. CV S-08-1623 LKK/EFB, 2008 WL 11387037, at *3 (E.D. Cal. Oct. 9, 2008). "If the plaintiff brings only state law claims and the court determines there is an ERISA plan, the state law claims are preempted. But if the plaintiff brings only an ERISA claim and the plan turns out not to be an ERISA plan, the plaintiff is also out of luck." *Id*. As the *Coleman* court properly noted, Rule 8 is designed for the situation ERISA preemption often presents. *Id*.

In the instant case, whether or not ERISA applies to the document in question has not been established. At this stage in the litigation, there has been no determination as to whether ERISA applies and given the uncertainties concerning whether the Delano Retirement Plan is an ERISA plan, it would be against the spirit of the Federal Rules to force Plaintiff to run a risk which Rule 8(e)(2) is designed to alleviate. Further, Plaintiff's Complaint properly pleads the Third Cause of Action in the alternative. Because the Court finds the Plaintiff can plead in the alternative at this early juncture, it need not reach the parties' remaining arguments. Therefore, Defendants' Motion to Dismiss Plaintiff's Third Cause of Action based on ERISA preemption is DENIED.

///

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED.

Dated: February 21, 2020

Troy L. Nunley
United States District Judge